**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**IN ADMIRALTY**
**CASE NO: 1:20-20354-CIV-MORENO**

**IN THE MATTER OF:**

**THE COMPLAINT OF MAB120, LLC, AS**
**OWNERS OF M/Y ANDIAMO, 2006 120'**
**BENETTI YACHT (O.N.:71133) IN A CAUSE**
**OF EXONERATION FROM OR LIMITATION**
**OF LIABLITY,**

   **Petitioner,**

**v.**

**ISLAND GARDENS DEEP HARBOUR, LLC,**

   **Claimant/Third-Party Plaintiff,**

**v.**

**MARCO MUÑIZ,**

   **Third-Party Defendant.**

_____/

**ISLAND GARDENS DEEP HARBOUR, LLC'S ANSWER, AFFIRMATIVE DEFENSES**
**AND CLAIM TO PETITIONER'S VERIFIED COMPLAINT FOR EXONERATION**
**FROM OR LIMITATION OF LIABILITY AND THIRD-PARTY COMPLAINT**
**AGAINST MARCO MUÑIZ**

   COMES NOW, ISLAND GARDENS DEEP HARBOUR, LLC (hereinafter "Marina" or

"Claimant"), by and through its undersigned counsel, herewith files its Answer, Affirmative

Defenses and Claim to the Petition for Exoneration from or Limitation of Liability of Petitioner,

MAB120, LLC's (hereinafter "Petitioner"), and states:

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

1.      Paragraph 1 is a recitation of purported jurisdiction for Petitioner to credibly prove and the Court to determine. To the extent a response is required, the Marina denies the allegations set forth in paragraph 1.

2.      Paragraph 2 is a recitation of purported jurisdiction for Petitioner to credibly prove and the Court to determine. To the extent a response is required, the Marina denies the allegations set forth in paragraph 2.

3.      Claimant denies sufficient knowledge or information upon which to admit or deny the allegations contained in this paragraph.

4.      Paragraph 4 is a recitation of purported venue for Petitioner to credibly prove and the Court to determine. To the extent a response is required, the Marina denies the allegations set forth in paragraph 4.

5.      Claimant admits that on or about December 18, 2019, M/Y ANDIAMO was moored at the Marina where Petitioner was granted a right to use a slip for the vessel. Claimant denies the remaining allegations of this paragraph.

6.      Claimant admits that at some time on December 18, 2019, M/Y ANDIAMO was moored at the Marina when thereafter, M/Y ANDIAMO became ingulfed in flames. Claimant denies sufficient knowledge or information upon which to admit or deny the truth of the remaining allegations contained in this paragraph.

7.      Denied.

8.      Claimant denies sufficient knowledge or information upon which to admit or deny the truth of the allegations contained in this paragraph.

9.      Claimant denies sufficient knowledge or information upon which to admit or deny the truth of the allegations contained in this paragraph. To the extent Petitioner has some fault or is denied the relief it seeks herein, Claimant seeks award of its damages against Petitioner.

10.     Claimant denies sufficient knowledge or information upon which to admit or deny the truth of the allegations contained in this paragraph.

11.     Claimant denies sufficient knowledge or information upon which to admit or deny the truth of the allegations contained in this paragraph.

12.     Claimant denies sufficient knowledge or information upon which to admit or deny the truth of the allegations contained in this paragraph.

13.     The allegation in this paragraph contains legal conclusions and does not contain allegations of fact for which an answer is required. To the extent a response is required, Claimant denies the allegations set forth in paragraph 13.

## AFFIRMATIVE DEFENSES

1.      The Limitation Fund is inadequate and Petitioner's Complaint should be dismissed because Petitioner failed to deposit adequate security equal to the value of the vessel.

2.      All insurance amounts providing coverage for Petitioner for the events and occurrences relating to the incident at issue must be included in the Limitation Fund.

3.      Petitioner is jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability.

4.      The limitation fund should include any and all proceeds from any judgment, award, settlement or recovery which may be received by Petitioner from any third party.

5.     The December 18, 2019 incident described in the Limitation Complaint resulting in the injury to Claimant was done, occasioned and incurred with the privity of knowledge of the owner of M/Y ANDIAMO.

6.     The December 18, 2019 incident described in the Limitation Complaint and the damages resulting therefrom were caused in whole or in part by the negligence of the Petitioner and/or its principals and/or agents and/or employees and its captain, and that such acts of negligence were within the privity and knowledge of the Petitioner and its principals.

7.     The December 18, 2019 incident described in the Limitation Complaint was done and occasioned due to an unseaworthy condition of M/Y ANDIAMO.

8.     The value of M/Y ANDIAMO is disputed.

9.     The December 18, 2019 incident occurred due to the negligent entrustment of the M/Y ANDIAMO by Petitioner.

10.     Claimant has a personal contract with the owner of M/Y ANDIAMO, attached hereto as **Exhibit 1**, the owner to fully save harmless and indemnify the Claimant, and thus, is not entitled to limitation under the personal contract doctrine.

11.     To the extent the allegations of the Claim of the Marina, filed herein, constitute affirmative defenses to the Limitation Complaint, those allegations are hereby incorporated by reference.

WHEREFORE, ISLAND GARDENS DEEP HARBOUR, LLC, for the foregoing reasons, demands judgment against Petitioner MAB120, LLC, as alleged Owner and Operator of M/Y ANDIAMO, as aforesaid, including pre-judgment interest, costs, and attorney's fees as are allowable under the contract between Claimant and Petitioner, as well as any further relief as this Court deems just and proper under the circumstances.

## CLAIM OF ISLAND GARDENS DEEP HARBOUR, LLC
## AGAINST PETITIONER

COMES NOW, ISLAND GARDENS DEEP HARBOUR, LLC, by and through its undersigned counsel, hereby sues the Petitioner, MAB120, LLC, the alleged owner/operator of M/Y ANDIAMO, and states:

1.     This is an admiralty and maritime claim within the jurisdiction of this Court under the provisions of 28 U.S.C. § 1333 and is brought within the meaning of Rule 9(h) and Supplemental Rule F(5) of the Federal Rules of Civil Procedure.

2.     At all times material hereto, M/Y ANDIAMO was a pleasure vessel operating in the navigable waters of the United States and within this District, *to wit*, Miami-Dade County, Florida.

3.     At all times material hereto, Claimant operated the Island Gardens Marina located at 888 MacArthur Causeway, Miami, Florida 33132, a marina in which M/Y ANDIAMO was moored (the "Marina").

4.     On or about December 18, 2019, Claimant's Marina and other vessels at the Marina were damaged when Petitioner's Vessel, M/Y ANDIAMO, caught fire, causing damages to the Marina.

5.     At all times material hereto, Petitioner had a duty to maintain M/Y ANDIAMO in a seaworthy condition, to exercise reasonable care in maintaining the vessel's safety and security, and to exercise reasonable care to prevent fire and/or protecting innocent third parties from damage resulting from the vessel's fire.

6.     The maintenance of M/Y ANDIAMO was caused by the fault, neglect, action, omissions or inactions of the Petitioner by failing to maintain the vessel in a reasonably safe condition, by failing to observe safe practices in the safety of the vessel, by failing to have

sufficient and/or properly trained crew on board the vessel, and/or by failing to exercise reasonable care in the lighting of the vessel and/or failing to secure and/or prevent of entry of unauthorized persons on board the vessel.

7.      As a proximate result of the neglect, fault, actions, omissions or inactions of Petitioner and/or its agents, servants, contractors, employees and/or crew, M/Y ANDIAMO suffered a fire, which caused M/Y ANDIAMO to burn other vessels and Marina installations and upon the arrival of first responders, damaged the Marina's docks, pilings, electrical systems and other marina equipment, resulting in damage to Claimant's real and personal property.

8.      The damages to Claimant are estimated to be $152,641.85, not including interest, attorney's fees and costs.

9.      The damages to Claimant are ongoing and subject to revision as final attorney's fees and costs become known.

10.     The valid Vessel Dockage Agreement for the dockage of M/Y ANDIAMO ("ANDIAMO Marina Agreement") entered into by Petitioner provides in pertinent part:

> A.  *The term "Indemnified Parties" collectively refers to Company, Company's employees, members, officers and agents, The City of Miami and The City of Miami's employees and agents, and Company's affiliates and subsidiaries, including but not limited to, Flagstone Island Gardens, LLC, Flagstone Asset Management, LLC, Flagship Hospitality Management, LLC, Island Gardens Retail Experience, LLC, and Island Gardens Parking Structures, LLC, as we as their respective members, managers, officers, employees and agents. The term "Vessel Owner Parties" collectively refers to Vessel Owner's Guests[1] and any vendors retained by Vessel Owner. The terms "Claims" collectively refer to the following claims, fines, damages, and losses:*
>
> i.   *Any liability for any loss or damage to the Vessel, its gear, equipment, and contents, for any reason, including Company equipment failure;*
> ii.  *All loss, damage, liability, legal action or claim, of any nature, arising from the Vessel or any other vessel at the Marina which Vessel Owner or the Vessel Owner Parties caused or allowed to be placed in the Marina;*

---

[1] This term is defined in page 2 of the Vessel Dockage Agreement as "Vessel Owner's crew, guests, employees, agents, invitees, and licensees".

    iii.    *All claims, damages, losses and expenses, including attorneys' fees and costs at all levels, to or on behalf of any vessel, persons, real or personal property, including Vessel, Vessel Owner and Vessel Owner Parties, arising out of Vessel Owner's or Vessel Owner Parties' storage or use of the Marina, Boat Slip, Premises, including, but not limited to claims/damages/losses/expenses resulting from moving, maintaining, or repairing the Vessel, Vessel Owner's or Vessel Owner Parties' operation of motor/electric vehicles or equipment, or any other activities of Vessel Owner or Vessel Owner Parties in connection with this Agreement, and claims/damages/losses/expenses due to casualty, theft, conversion, destruction, negligence, breach of warranty, vandalism, **<u>fire</u>**, collision, or any other cause, whether man-made or attributable to an "act of God" or natural disaster, including but not limited to hurricanes, tropical storms, wind, lightening, rain, flooding, or other severe weather, or whether based on the failure of or alleged insufficiency in the Company's firefighting procedures and equipment, first aid, and security provisions;*

    iv.    *All losses and expenses incurred, including attorneys' fees and costs at all levels, because of Vessel Owner's failure to obtain and maintain the insurance required per this Agreement, or Vessel Owner's failure to require the Vessel Owner Parties to obtain and maintain the insurance required per this Agreement; and*

    v.    *All claims, damages, losses and expenses, including attorneys' fees and costs at all levels, permits fees, fines, clean-up costs, mitigation costs, consultant fees, response actions, liability inspections, or claims imposed or otherwise mandated by any government authority, any court, or any third-party based on or related to the Vessel's, Vessel Owner's or Vessel Owner Parties' non-compliance or violations of any approvals, rules, regulations, applicable laws or ordinances of any authority having jurisdiction over the Vessel or the Premises.*

B.   *TO THE FULLEST EXTENT PERMITTED UNDER FLORIDA LAW, VESSEL OWNER, FOR ITSELF, VESSEL OWNER PARTIES, AND VESSEL OWNER'S HEIRS, SUCCESSORS AND ASSIGNS, HEREBY AGREES TO INDEMNIFY THE INDEMNIFIED PARTIES FROM ALL CLAIMS (AS DEFINED ABOVE), EXCEPT TO THE EXTENT THAT THE CLAIM IS THE RESULT OF COMPANY'S SOLE GROSS NEGLIGENCE…*

*See* Ex.1 at 5-6 (emphasis added).

    11.    The ANDIAMO Marina Agreement was signed, upon information and belief, the

beneficial owner/operator of M/Y ANDIAMO, Marco Muñiz. *Id*. at 10. Petitioner further agrees:

*If the person signing this Agreement is not the Vessel Owner, such person warrants and represents his or her authority to obligate the Vessel Owner and the Vessel to the terms of this Agreement and, by singing her[e]on, also agrees to be bound personally by the terms and obligations set forth in this Agreement. In addition, Vessel Owner waives any and all*

> *defenses that this Agreement has been executed and entered into without their authority, whether expressed, apparent, or otherwise, and agrees that this Agreement constitutes a legal, valid and binding obligation of the Vessel Owner and the Vessel, and is enforceable against the Vessel Owner and Vessel in accordance with the terms hereof…*

*Id*. at 9. Thus, the Petitioner has personally agreed to be bound by the terms of the ANDIAMO Marina Agreement. Therefore, the Petitioner is not entitled to seek exoneration or limitation of liability under the Limitation Act.

12.     Petitioner has breached said ANDIAMO Marina Agreement in failing to indemnify and hold harmless Claimant from its claims related to M/Y ANDIAMO's storage within the Marina.

13.     Petitioner has further breached the ANDIAMO Marina Agreement in causing damage to Claimant's real and personal property.

14.     Petitioner, if its Petition is being financially supported by his insurance company, is further breaching the terms of the ANDIAMO Marina Agreement, which states:

> *Vessel Owner must maintain a third-party liability policy (Protection and Indemnity) upon the Vessel with limits of no less than $1,000,000…It is expressly agreed by Vessel Owner that Company and any and all of Company's subsidiaries and affiliates, and the City of Miami are not and shall not be construed to be an insurer of Vessel Owner's property loss or property damage to the Vessel, its motor, accessories or contents due to fire, vandalism, theft, collision or any other casualty loss, and the Vessel Owner **waives his/her insurer's right of subrogation against the Company** and any and all of Company's subsidiaries and affiliates, and their employees and agents, and against the City of Miami and its employees and agents…Vessel Owner further warrants that he/she shall look solely to his/her insurance policy for recovery of any loss or damage to the Vessel which is not caused by the intentional misconduct of Company, any and all of Company's subsidiaries and affiliates, and the City of Miami…*

*Id*. at 6-7 (emphasis added).

15.     Petitioner also agreed that Claimant is entitled to recover its attorney's fees and costs of this Limitation Action. The ANDIAMO Marina Agreement states in pertinent part:

> *Vessel Owner agrees to immediately and actively defend or fund the defense of the Indemnified Parties against any Claims by paying all reasonable attorney's fees, costs, expert witness fees, paraprofessional fees, and other reasonable expenses incurred by the Indemnified Parties, regardless of whether a lawsuit is actually filed, and without regard to fault…*

*Id.* at 6.

16.     Claimant has hired the undersigned to represent its interests in this Limitation Action and as a result, has been damaged by Petitioner.

17.     Claimant has asked Petitioner to take over the defense and prosecution of the Marina's claims and Petitioner has refused.

18.     As a direct and proximate result of the herein alleged, Claimant has been damaged by Petitioner's various breaches of the ANDIAMO Marina Agreement in the amount of approximately $152,641.85, not including interest, attorney's fees and costs.

19.     The damages to Claimant are ongoing and subject to revision as final attorney's fees and costs become known.

WHEREFORE, ISLAND GARDENS DEEP HARBOUR, LLC, for the foregoing reasons, demands judgment against Petitioner MAB120, LLC, as alleged Owner and Operator of M/Y ANDIAMO, as aforesaid, including pre-judgment interest, costs, and attorney's fees pursuant to the ANDIAMO Marina Agreement, as well as any further relief as this Court deems just and proper under the circumstances.

## <u>THIRD PARTY COMPLAINT AGAINST MARCO MUÑIZ</u>

COMES NOW the Third-Party Plaintiff, ISLAND GARDENS DEEP HARBOUR, LLC (the "Island Gardens"), by and through its undersigned attorneys and in accordance with the applicable Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty

and Maritime Claims, and hereby files this its Third-Party Complaint against MARCO MUÑIZ ("Muñiz"), and in support thereof states as follows:

<u>JURISDICTION, VENUE AND PARTIES</u>

1.      This is an admiralty and maritime claim coming within the jurisdiction of this Court under the provisions of 28 U.S.C. § 1333 and is brought within the meaning of Rule 9(h), Rule 14(c) and Supplemental Rule F(5) of the Federal Rules of Civil Procedure.

2.      This court also retains jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) as it arises out of the same transaction and occurrence as alleged in Petitioner's Petition for Exoneration and/or Limitation.

3.      The events, acts and circumstances giving rise to this action all occurred in the State of Florida and on the navigable waters of the United States, in Miami-Dade County, Florida, during a traditional maritime activity.

4.      At all material times hereto, the Third-Party Plaintiff, Island Gardens was a Florida limited partnership organized and existing pursuant to the laws of the State of Florida and maintained its principal place of business at 888 MacArthur Causeway, Miami-Dade County, Florida.

5.      Third Party Plaintiff, Island Gardens operates a marina located at its principal place of business (the "Marina").

6.      At all material times hereto, Muñiz is, upon information and belief, the beneficial owner or operator of M/Y ANDIAMO, a 2006 120' Fiberglass Benetti Motor Yacht.

7.      At all times material hereto, M/Y ANDIAMO was in the State of Florida within the navigable waters and territorial limits of this District.

8.      Upon information and belief, Muñiz is a U.S. citizen and resident of Miami, Florida, or is otherwise a resident in this District.

9.      Venue is proper in the United States District Court for the Southern District of Florida as at all times material hereto, the vessel involved herein has been in the State of Florida within this District and operated by the Third-Party Defendant named herein. The incident from which M/Y ANDIAMO damaged the pilings and structure of the Marina arose while M/Y ANDIAMO caught fire while moored in the navigable waters of the United States in Miami-Dade County, Florida.

<u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u>

10.      On or about December 18, 2019, M/Y ANDIAMO was docked at the Marina.

11.      On or about December 18, 2019, M/Y ANDIAMO caught fire in its interior.

12.      The fire aboard M/Y ANDIAMO caused damage to the Marina and other vessels at the Marina, including M/Y ANDIAMO.

13.      As a result of the fire aboard M/Y ANDIAMO, the Marina sustained direct damages approximating $152,641.85, not including interest, costs and attorneys' fees.

14.      On or about June 20, 2019, Muñiz entered into a Vessel Dockage Agreement with Island Gardens for the dockage of M/Y ANDIAMO, further referred to herein as the ANDIAMO Marina Agreement attached hereto as **Exhibit 1**.

15.      Muñiz or a person at the direction of Muñiz, signed the ANDIAMO Marina Agreement as "owner" of M/Y ANDIAMO. *See* Ex.1 at 10.

16.      The ANDIAMO Marina Agreement was in effect at the time of the incident described herein.

17.      The ANDIAMO Marina Agreement entered into by Muñiz states in pertinent part:

> *If the person signing this Agreement is not the Vessel Owner, such person warrants and represents his or her authority to obligate the Vessel Owner and the Vessel to the terms of this Agreement and, by singing her[e]on, also agrees to be bound personally by the terms and obligations set forth in this Agreement. In addition, Vessel Owner waives any and all defenses that this Agreement has been executed and entered into without their authority, whether expressed, apparent, or otherwise, and agrees that this Agreement constitutes a legal, valid and binding obligation of the Vessel Owner and the Vessel, and is enforceable against the Vessel Owner and Vessel in accordance with the terms hereof…*

*Id.* at 9 (emphasis). Therefore, the terms of the ANDIAMO Marina Agreement provides that Muñiz agrees to be bound personally to its terms and conditions.

18.     Muñiz also agreed that Island Gardens is entitled to recover its attorneys' fees and costs of this action. The ANDIAMO Marina Agreement states in pertinent part:

> *Vessel Owner agrees to immediately and actively defend or fund the defense of the Indemnified Parties against any Claims by paying all reasonable attorney's fees, costs, expert witness fees, paraprofessional fees, and other reasonable expenses incurred by the Indemnified Parties, regardless of whether a lawsuit is actually filed, and without regard to fault….*

*Id.* at 6.

19.     Island Gardens has hired the undersigned to represent its interests in this action and as a result, has been damaged by Muñiz.

20.     As Muñiz entered into a personal contract wherein he had a personal obligation to perform, Muñiz may not limit his liability in this action.

21.     All conditions precedent to the filing of this Third Party Complaint have occurred, been performed, or have been waived by the Third-Party Defendant.

<u>COUNT I – BREACH OF CONTRACT</u>

22.     Island Gardens readopts and realleges the allegations set for in the paragraphs titled "Jurisdiction, Venue and Parties" and "General Allegations Common to All Counts" above as if fully set forth herein and further alleges as follows:

23.     The ANDIAMO Marina Agreement provides in relevant part:

*All claims, damages, losses and expenses, including attorneys' fees and costs at all levels, to or on behalf of any vessel, persons, real or personal property, including Vessel, Vessel Owner and Vessel Owner Parties, arising out of Vessel Owner's or Vessel Owner Parties' storage or use of the Marina, Boat Slip, Premises, including, but not limited to claims/damages/losses/expenses resulting from moving, maintaining, or repairing the Vessel, Vessel Owner's or Vessel Owner Parties' operation of motor/electric vehicles or equipment, or any other activities of Vessel Owner or Vessel Owner Parties in connection with this Agreement, and claims/damages/losses/expenses due to casualty, theft, conversion, destruction, negligence, breach of warranty, vandalism**, fire**, collision, or any other cause, whether man-made or attributable to an "act of God" or natural disaster, including but not limited to hurricanes, tropical storms, wind, lightening, rain, flooding, or other severe weather, or whether based on the failure of or alleged insufficiency in the Company's firefighting procedures and equipment, first aid, and security provisions*

*Id.* at 5 (emphasis added).

24.    Thus, the terms of the ANDIAMO Marina Agreement squarely provides that the obligation for preventing fire rests personally with Muñiz.

25.    At all times material, including before and during the time M/Y ANDIAMO was at the Marina, Muñiz was responsible and had a duty to personally (a) prevent fires aboard M/Y ANDIAMO, (b) establish reasonable practices and procedures to prevent fires aboard M/Y ANDIAMO, and (c) exercise reasonable care in safely owning, managing, controlling, equipping, manning, maintaining, repairing and operating M/Y ANDIAMO, its crew, engines, tackle, appurtenances, and equipment.

26.    Muñiz breached these duties, in that he failed to (a) adequately prevent fires aboard M/Y ANDIAMO, and/or (b) adequately establish reasonable practices and procedures to prevent fires aboard M/Y ANDIAMO, and/or (c) exercise reasonable care in safely owning, managing, controlling, equipping, manning, maintaining, repairing and operating M/Y ANDIAMO, its crew, engines, tackle, appurtenances, and equipment. comply with applicable statutes, rules, regulations and ordinances relating to safely owning, managing, controlling, equipping, manning, maintaining,

repairing and operating the M/Y ANDIAMO, its crew, engines, tackle, appurtenances and equipment.

27.     As a direct and proximate result of the herein alleged, Island Gardens has suffered damages because of Muñiz' breach of the ANDIAMO Marina Agreement, including but not limited to: (a) the Marina facility, equipment and other damages of approximately $152,641.85, not including interest; (b) having to defend the Petition and present Island Gardens' claim in the Petitioner's Limitation Action; and (c) incurring attorney's fees and costs for all the foregoing.

WHEREFORE, Third Party Plaintiff, ISLAND GARDENS DEEP HARBOUR, LLC for the foregoing reasons, hereby demands judgment against Third Party Defendant, MARCO MUÑIZ, as aforesaid, for the damages claimed by the Third Party Plaintiff, including pre-judgment interest, costs, and attorney's fees pursuant to the ANDIAMO Marina Agreement, as well as any further relief as this Court deems just and proper under the circumstances.

## COUNT II--CONTRACTUAL INDEMNITY

28.     Third-Party Plaintiff repeats and re-alleges each and every allegation set forth in the sections titled "Jurisdiction, Venue and Parties" and "General Allegations Common to All Counts" above as if fully set forth herein and further alleges as follows:

29.     Under the ANDIAMO Marina Agreement, Muñiz agreed that:

*TO THE FULLEST EXTENT PERMITTED UNDER FLORIDA LAW, VESSEL OWNER, FOR ITSELF, VESSEL OWNER PARTIES, AND VESSEL OWNER'S HEIRS, SUCCESSORS AND ASSIGNS, HEREBY AGREES TO INDEMNIFY THE INDEMNIFIED PARTIES FROM ALL CLAIMS (AS DEFINED ABOVE), EXCEPT TO THE EXTENT THAT THE CLAIM IS THE RESULT OF COMPANY'S SOLE GROSS NEGLIGENCE…*

*Id*. at 6.

30.     Under the ANDIAMO Marina Agreement, Muñiz contracted to indemnify Island Gardens from and against any claims with respect to damages caused by M/Y ANDIAMO. This would include Petitioner's claim.

31.     Should any additional claimants enter this action and claim against Third Party Plaintiff, Muñiz also agreed to indemnify Island Gardens from and against any other such claims.

32.     In accordance with Federal Rule of Civil Procedure 14(c), Island Gardens hereby tenders to Muñiz as a direct defendant to Petitioner for any claims made by Petitioner and any additional claimants for remedy over, contribution or otherwise on account of the same transaction or occurrence filed by the Petitioner in this proceeding.

33.     There was a special relationship between Third Party Plaintiff and Muñiz, as there was an agreement between the parties whereby Muñiz specifically agreed that he would fully indemnify Island Gardens for anything related to the vessel, except involving Island Marina's gross negligence.

34.     No gross negligence has been claimed by Petitioner nor is it expected that any claimant will be able to claim in gross negligence, given that the fire originated on M/Y ANDIAMO.

WHEREFORE, the Third-Party Plaintiff, ISLAND GARDENS DEEP HARBOUR, LLC hereby invokes Rule 14(c), Federal Rules of Civil Procedure, and demands remedy over, contribution and otherwise demands judgment against the Third-Party Defendant, MARCO MUÑIZ, for all damages that are adjudged in favor of any damages claimed by Petitioner or other claimants, plus interest, costs, attorney's fees pursuant to the contract, as well as any further relief as this Court deems just and proper under the circumstances.

Respectfully submitted on May 15, 2020.

By:    s/ Michelle Otero Valdes
        Michelle Otero Valdes, B.C.S.
        Florida Bar No. 14990
        Chalos & Co, P.C.
        2030 S. Douglas Road, Suite 117
        Coral Gables, Florida 33134
        Tel: (305)  377-3700
        Fax: (866) 702-4577
        E-mail: mov@chaloslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this way on all counsel of record of pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michelle Otero Valdes
Michelle Otero Valdes, B.C.S.

## SERVICE LIST

HAMILTON, MILLER & BIRTHISEL
**Jules V. Massee, Esq**
**Brandon Bushway, Esq.**
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel: (813) 223-1900
Fax: (813) 223-1933
Email: bbushway@hamiltonmillerlaw.com
      Jmassee@hamiltonmillerlaw.com
*Attorneys for Cracker Boy Boat Works, Inc.*