UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-20354-CIV-MORENO**

IN THE MATTER OF: THE COMPLAINT OF
MAB120, LLC, AS OWNERS OF THE M/Y
ANDIAMO, 2006 120 FOOT BENETTI
YACHT (ON: 71133) IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY,

      Petitioner,

vs.

ISLAND GARDENS DEEP HARBOUR,
LLC,

      Claimant/Third-Party Plaintiff,

ATTIS HOLDINGS, LTD.,

      Claimant,

MARCO MUNIZ,

      Third-Party Defendant.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT FOR EXONERATION AGAINST ALL NON-APPEARING CLAIMANTS**

THIS CAUSE came before the Court upon Petitioner's Unopposed Motion for Entry of Final Default Judgment for Exoneration Against All Non-Appearing Potential Claimants (**D.E. 23**), filed on **May 28, 2020**. This case involves an admiralty complaint for exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Admiralty and Maritime Claim Rules. According to the complaint's allegations, the underlying incident involved a December 2019 fire onboard the *M/Y Andiamo*. Because the Petitioner complied with the relevant statutory and procedural rules, the Court grants the motion.

## I.  BACKGROUND

In its Complaint for Exoneration from or Limitation of Liability, the Petitioner and owner of the vessel, MAB120, LLC, requested that this Court notice "all persons, firm or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to [the Petitioner's claim]" and order such parties to "file their respective claims with the Clerk of this Court." Moreover, as relevant here, the Petitioner also sought a judgment "adjudg[ing] the Petitioner, the [v]essel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the [December 2019 fire]." Following the filing of the complaint, on January 28, 2020, the Petitioner also filed its *Ad Interim* Stipulation of Value and Stipulation for Costs.

On March 12, 2020, the Court entered its Order Approving *Ad Interim* Stipulation of Value, Directing Issuance of Monition and Injunction, ordering any claimants to file their respective claims with the Clerk of Court and file an answer to the complaint by May 18, 2020. At that time, the Court also ordered that public notice of the Monition be given by publication as required by Rule F of the Supplemental Admiralty and Maritime Claim Rules. Notice was to be given "once each week for four successive weeks in the 'Miami Herald' prior to the date fixed for the filing of claims in accordance with Supplemental Rule F."

On March 19, 2020, the Court entered the Monition, commanding the Marshal to "cite persons or corporations, in respect of which the Petitioner seeks limitation, to file their respective claims with the Clerk of this Court and to serve on or mail to the Petitioner's attorneys copies thereof on or before May 18, 2020, and citing such claimants to appear and respond to the

Complaint herein on or before May 18, 2020." (D.E. 7, at 2).  Only two claimants filed claims by the May 18, 2020 deadline: Island Gardens Deep Harbour, LLC and Attis Holdings, Ltd.

On May 19, 2020, the Petitioner filed a "Notice of Filing Affidavit of Proof of Publication" (D.E. 14). The Affidavit of Publication includes a copy of the publication and an affidavit by the custodian of record for the *Miami Herald*, Victoria Rodela, stating that the attached publication was published in the *Miami Herald* on March 20, 2020, March 27, 2020, April 3, 2020, and April 10, 2020. (D.E. 14-1). The service list in the notice states that it was served on the Claimants that have appeared and filed answers to the complaint—Island Gardens and Attis Holdings.

The Petitioner then moved for, and the Clerk entered, the Clerk's Default as to Unknown Claimants on May 28, 2020. (D.E. 22). Notably, to date, no new claimants have appeared or moved to set aside the Clerk's entry of default.[1] The Petitioner now requests that this Court enter a final default judgment as to all non-appearing claimants.

## II. ANALYSIS

Pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, a shipowner can limit its liability for certain claims involving its vessel to the value of the vessel. *See Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019) ("The Act establishes a procedure by which a shipowner can limit its liability for certain claims involving one of its vessels to the value of the vessel plus its then-pending freight.") (citing § 30505(a)). Rule F of the Local Admiralty and Maritime Rules provides rules governing "Actions to Limit

---

[1] While no new claimants have appeared to date, the Court notes that, on November 23, 2020, Endurance American Specialty Insurance Company and Westchester Surplus Lines Insurance Company filed a "Joint Verified Ratification of Commencement of Claim and Third-Party Complaint" (D.E. 51) In the filing, Endurance and Westchester, Island Gardens' insurers, "ratify the Claim and Third-Party Complaint instituted by [Island Gardens] and agrees to be bound by the result in this matter." *Id.* at 3.

Liability." *See* Local Admiralty Rule F. Specifically, section (1), titled "Monition, Injunction and Publication of the Notice[,]" provides as follows:

> Upon the plaintiff's filing of an Ad Interim Stipulation of Value or otherwise posting a deposit or transfer in compliance with Supplemental Rules F(1) and F(2), the Court shall immediately issue a Monition and Injunction pursuant to Supplemental Rule F(3). The Monition and Injunction shall: enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action; order that all persons asserting claims with respect to which the complaint seeks limitation to file and serve their respective claims pursuant to Supplemental Rule F(4); order that public notice be effectuated by the plaintiff pursuant to Supplemental Rule F(4); and approve the Ad Interim Stipulation of Value or other form of deposit, transfer or security if it meets the requirements of Supplemental Rules F(1) and F(2). **Upon the issuance of the Monition and Injunction by the Court, the plaintiff shall effect publication of the notice in accordance with the provisions set forth in Supplemental Rule F(4) and Local Admiralty Rule A(7).** This Local Rule does not affect a claimant's right to assert the insufficiency of the fund or security under Supplemental Rule F(7).

Local Admiralty Rule F(1) (emphasis added).[2] Moreover, Rule F(2) pertains to "Proof of Publication[,]" and requires the plaintiff to "file and serve proof of publication of the notice to claimants with the Court within seven (7) days after the date fixed by the Court pursuant to Supplemental Rule F(4)." Local Admiralty Rule F(2). Under Rule F(2), it is "sufficient proof for plaintiff to file and serve the sworn statement or a declaration pursuant to 28 U.S.C. § 1746 by, or on behalf of, the publisher or editor, indicating the dates of publication, along with a copy or reproduction of the actual publication." *See id.*

Here, based on a review of the record, the Petitioner has complied with the relevant rules. The Petitioner, as required by the Court's March 12, 2020 order and Local Admiralty Rule F(2), timely filed an Affidavit of Publication that included a copy of the publication involving notice of

---

[2] Rule A(7) requires that, unless otherwise required by law or the Court, when notice is required by the admiralty rules, "such notice shall be published at least once, without further order of Court, in an approved newspaper in the county or counties where the vessel or property was located at the time of arrest, attachment, or seizure, and if different, in the county within the Southern District of Florida where the lawsuit is pending." *See* Local Admiralty Rule A(7).

the Court's Monition. (D.E. 14-1). The Affidavit of Publication also includes an affidavit by Ms. Rodela, the custodian of record for the *Miami Herald*, in which she stated, under oath, that the attached copy was published in the *Miami Herald* on March 20, 2020, March 27, 2020, April 3, 2020, and April 10, 2020. *Id*. The Petitioner also filed and served the Notice on the Claimants with the Court within 7 days of the May 18, 2020 date fixed by the Court. (D.E. 14, at 2, Service List).

Aside from Island Gardens and Attis Holdings, no other parties have filed their claims and answers by the prescribed May 18, 2020 deadline or moved for an extension of time to respond. In fact, to date, no claimants have appeared or moved to set aside the Clerk's entry of default. *See In re Vass*, No. 17-cv-81031, 2018 WL 11229125, at *2 (S.D. Fla. Feb. 12, 2018) ("Where publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they received actual notice thereof or not, and if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other.") (citing *Dowdell v. U.S. Dist. Court for N. Dist. Of Cal.*, 139 F. 444, 445-46 (9th Cir. 1905)).

As the Petitioner has complied with the Local Admiralty Rules, the Court finds that an entry of default final judgment as to the non-appearing claimants is appropriate. *See Matter of Newport Freedog*, No. 18-cv-647-T-23AEP, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018) (recommending that motion for default judgment against non-filing claimants be granted as plaintiffs satisfied their obligations under Supplemental Rule F(4), which included the publication of notice in the *Tampa Bay Times* for four consecutive weeks, with the notice indicating the deadline to file a claim or answer); *see also In re Vass*, 2018 WL 11229125, at *2 (granting

5

petitioner's motion for entry of final default judgment for exoneration of liability as to non-claimants where the petitioner complied with admiralty rules).

### III. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Petitioner's Unopposed Motion for Entry of Final Default Judgment for Exoneration Against All Non-Appearing Potential Claimants **(D.E. 23)** is **GRANTED**.

2. A final default judgment shall be entered against all non-appearing claimants by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th of November 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record